1

J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com

2

Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com

3

David H. Kwasniewski, Esq. (SBN: 281985)
   kwasniewski@braunhagey.com

4

BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor

5

San Francisco, CA 94104
Telephone: (415) 599-0210

6

Facsimile: (415) 599-0210

7

ATTORNEYS FOR DEFENDANTS'
B&G FOODS, INC. AND B&G FOODS

8

NORTH AMERICA, INC.

9

10

**UNITED STATES DISTRICT COURT FOR**

11

**NORTHERN DISTRICT OF CALIFORNIA**

12

13

14

SABRINA SILVA and NANCY SCHIER, on
behalf of themselves and all others similarly

15

situated,

16

Plaintiffs,

17

v.

18

B&G FOODS, INC., and B&G FOODS NORTH
AMERICA, INC.,

19

20

Defendants.

21

Case No. 4:20-cv-00137-JST
Rel. Case No. 4:15-cv-03772-JST

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE
CLASS ALLEGATIONS AND DISMISS
PLAINTIFFS' COMPLAINT**

**Date:**      April 29th, 2020
**Time:**      2:00 p.m.
**Judge:**     Hon. Jon S. Tigar
**Ctrm.:**     6, 2nd Floor
**Compl. Filed**: January 7, 2020
**Trial Date**: None

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2   TABLE OF CONTENTS ......................................................................................................I

3   TABLE OF AUTHORITIES ...............................................................................................II

4   INTRODUCTION ............................................................................................................... 1

5   ARGUMENT........................................................................................................................ 2

6   I.      PLAINTIFFS' CLAIMS ARE TIME-BARRED ................................................. 2

7           A.      Plaintiffs' Individual Claims are Time-Barred ...................................... 2

8                   1.      Plaintiffs Cannot Claim Fraudulent Concealment ...................... 2

9                   2.      Plaintiffs Cannot Claim Delayed Discovery................................. 5

10          B.      Plaintiffs' Class Claims are Time-Barred ............................................... 8

11  II.     PLAINTIFFS' CLAIMS SEPARATELY FAIL FOR THE SAME REASONS
            NUMEROUS OTHER COURTS HAVE DISMISSED THEM ....................... 8
12
            A.      Plaintiffs' Use Claims Are Preempted or Barred by the Safe Harbor Doctrine ..... 9
13
            B.      Plaintiffs' Opposition Further Proves that They Could Not Have Relied on
14                  the Statement "0g Trans Fat"................................................................... 9

15  III.    LEAVE TO AMEND SHOULD BE DENIED ................................................. 10

16  IV.     ALTERNATIVELY, THIS CASE SHOULD BE STAYED ........................... 11

17  CONCLUSION.................................................................................................................. 11

18

19

20

21

22

23

24

25

26

27

28

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

1

## **TABLE OF AUTHORITIES**

**PAGE(S)**

2

3

## **CASES**

4

*625 3rd St. Associates, L.P. v. Alliant Credit Union,*
    633 F. Supp. 2d 1040 (N.D. Cal. 2009).............................................................................. 4

5
*Alberin v. Am. Honda Motor Co.,*
    No. 16-cv-04384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018).................................... 4, 5

6
*American Pipe & Construction v. Utah,*
    414 U.S. 538 (1974)........................................................................................................ 8

7
*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................... 9, 10

8
*Bayol v. Zipcar, Inc.,*
    No. 14-cv-02483-TEH, 2015 WL 4931756 (N.D. Cal. 2015)............................................. 8

9
*Beasley v. Conagra Brands, Inc.,*

10
    374 F. Supp. 3d 869 (N.D. Cal. 2019)........................................................................... 9, 11
*Bell Atlantic Corp. v. Twombly,*

11
    550 U.S. 544 (2007)..................................................................................................... 9, 10
*Bibeau v. Pacific Northwest Research Found.,*

12
    188 F.3d 1105 (9th Cir. 1999) ........................................................................................ 6

13
*Bowring v. Sapporo U.S.A., Inc.,*
    234 F. Supp. 3d 386 (E.D.N.Y. 2017) .......................................................................... 3

14
*Broberg v. The Guardian Life Ins. Co. of Am.,*
    171 Cal. App. 4th 912 (2009) ........................................................................................ 5

15
*Carrera v. Dreyer's Grand Ice Cream, Inc.,*

16
    475 F. App'x 113 (9th Cir. 2012) ................................................................................. 2
*Chavez v. Wal-Mart Stores, Inc.,*

17
    2014 WL 12591252 (C.D. Cal. June 2, 2014)................................................................. 8
*Cheng v. BMW of N. Am., LLC,*

18
    2013 WL 3940815 (C.D. Cal. July 26, 2013).................................................................. 8
*China Agritech v. Resh,*

19
    138 S. Ct. 1800 (2018)..................................................................................................... 8

20
*Ciuffitelli v. Deloitte & Touche LLP,*
    2018 WL 4568737 (D. Or. Aug. 1, 2018) ...................................................................... 5

21
*Clark v. Perfect Bar, LLC,*
    No. C 18-06006 WHA, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) .......................... 3

22
*Daniel v. Tootsie Roll Indus., LLC,*
    2018 WL 3650015 (S.D.N.Y. Aug. 1, 2018)................................................................... 3

23
*Daviton v. Columbia/HCA Healthcare Corp.,*

24
    241 F.3d 1131 (9th Cir. 2001) ....................................................................................... 7
*Eclectic Properties East, LLC v. Marcus & Millichap Co.,*

25
    751 F. 3d 990 (9th Cir. 2014) ........................................................................................ 10
*Favila v. Katten Muchin Rosenman LLP,*

26
    188 Cal. App. 4th 189 (2010) ........................................................................................ 6

27
*Fox v. Ethicon Endo-Surgery, Inc.,*
    35 Cal. 4th 797 (2005)..................................................................................................... 5

28

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

*Hawkins v. Kroger Co.*,
  906 F.3d 763 (9th Cir. 2018) ................................................................................................ 9
*Hoey v. Sony Electronics, Inc.*,
  515 F. Supp. 2d 1099 (N.D. Cal. 2007) ................................................................................ 4
*In re Animation Workers Antitrust Litig.*,
  87 F. Supp. 3d 1195 (N.D. Cal. 2015) .................................................................................. 7
*Jolly v. Eli Lilly & Co.*,
  44 Cal. 3d 1103 ..................................................................................................................... 7
*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .............................................................................................. 5
*Long v. Walt Disney Co.*,
  116 Cal. App. 4th 868 (2004) ............................................................................................... 3
*M&F Fishing, Inc. v. Sea-Pac Ins.*,
  202 Cal. App. 4th 1509 (2012) ............................................................................................. 7
*Mangiapane v. Ford Motor Co.*,
  No. 19-cv-02014-HSG, 2019 WL 5199534 (N.D. Cal. Oct. 16, 2019) ................................ 5
*McKinniss v. General Mills, Inc.*,
  2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) ..................................................................... 3
*NBCUniversal Media, LLC v. Superior Court*,
  225 Cal. App. 4th 1222 (2014) ............................................................................................. 7
*Nelson v. Indevus,*
  *Pharmas.*, 142 Cal. App. 4th 1202 (2006) ............................................................................ 7
*Savalli v. Gerber Prods. Co.*,
  2016 WL 5390223 (S.D. Fla. Sept. 20, 2016) ...................................................................... 4
*Schmier v. U.S. Ct. of App.*,
  279 F.3d 817 (9th Cir. 2012) .............................................................................................. 10
*Supermail Cargo, Inv. v. United States*,
  68 F.3d 1204 (9th Cir. 1995) ................................................................................................ 4
*Syed v. M-I LLC*,
  853 F.3d 492 (9th Cir. 2017) ................................................................................................ 6
*Truxel v. Gen. Mills Sales, Inc.*,
  No. C 16-04957 JSW, 2019 WL 3940956 (N.D. Cal. Aug. 13, 2019) ......................... 1, 3, 6
*Unruh-Haxton v. Regents*,
  162 Cal. App. 4th 343 (2008) ............................................................................................... 7
*Utility Cost Mgmt. v. Indian Wells Valley Water Dist.*,
  26 Cal. 4th 1185 (2001) ........................................................................................................ 7
*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) .............................................................................................. 5
*Waldrup v. Countrywide Fin. Corp.*,
  2014 WL 1463881 (C.D. Cal. Apr. 14, 2014) ...................................................................... 5
*Yumul v. Smart Balance, Inc.*,
  733 F. Supp. 2d 1134 (C.D. Cal. 2010) ................................................................................ 6

**OTHER AUTHORITIES**

FED. PRACTICE & PROC. § 1216 at 233-34 ................................................................................. 10

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

1    B&G Foods respectfully submits this Reply in support of its Motion to Strike Class

2   Allegations and Dismiss the Complaint.

3                                    **INTRODUCTION**

4          Despite their cyclical attempts to state a claim, Plaintiffs cannot allege, and do not argue in

5   their Opposition, that they bought Ortega® taco shells within the statute of limitations.  Instead,

6   they assert that B&G Foods somehow "fraudulently concealed" the presence of PHOs, and that

7   they were unable to discover that the taco shells contained PHOs even though B&G Foods listed

8   PHOs in the Ingredient Panel, in compliance with FDA regulations.  (FAC, App'x A (depicting

9   label of taco shells, which lists "partially hydrogenated soybean oil" as ingredient).)  No case has

10  ever held that a plaintiff can avoid the statute of limitations based on the presence of a disclosed

11  ingredient, or that failure to read the ingredients of a product could amount to a "delayed

12  discovery" of the ingredients.  And for good reason:  fraudulent concealment requires that the

13  defendant intentionally prevent the plaintiff from learning about his or her claim, and delayed

14  discovery requires diligence.  Neither of those is possible in the context of a claim about the

15  presence of an ingredient, when the Ingredient Panel accurately lists all the ingredients.

16         Plaintiffs' attempt to avoid the statute of limitations also highlights other insurmountable

17  defects in this case.  Plaintiffs assert that the statute of limitations did not run because they only

18  learned that they did not want to eat trans fat after talking with their lawyer in 2019.  (Opp. at 3.)

19  But if that were the case, they could not possibly (or plausibly) have relied on the statement "0g

20  trans fat" in allegedly purchasing the taco shells back in 2015.

21         As numerous cases have held, B&G Foods was not required to inform Plaintiffs about

22  Plaintiffs' lawyer's theory of trans fat.  Plaintiffs were responsible for reading the ingredients and

23  making their own decisions about what they wanted to eat.  *See*, *e.g.*, *Truxel v. Gen. Mills Sales,*

24  *Inc.*, No. C 16-04957 JSW, 2019 WL 3940956 * 4 (N.D. Cal. Aug. 13, 2019) (dismissing claim

25  that plaintiff was misled that product was healthy when it supposedly contained too much sugar

26  because "the actual ingredients were fully disclosed, and it was up to the Plaintiffs, as reasonable

27  consumers, to come to their own conclusions about whether or not the sugar content was healthy

28

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

1   for them"). Plaintiffs cannot claim fraudulent concealment or delayed discovery where B&G

2   Foods provided all the information they needed – right where one would expect to find it.

3          Plaintiffs' claims should also be dismissed because they are preempted, because Plaintiffs

4   have not been injured and lack standing, and because Plaintiffs fail to state a claim. (Mot. at 14-

5   19.) The Opposition does little to defend Plaintiffs' claims on the merits, apart from rehashing the

6   same arguments Plaintiffs' lawyer has unsuccessfully raised in dozens of other cases that have been

7   dismissed. Plaintiffs offer no reason why this Court should treat their claims any differently.

8          B&G Foods changed the label at issue five years ago for reasons having nothing to do with

9   this case. It removed PHOs from its taco shells years before the FDA-mandated deadline. Its

10  product was in compliance with then-existent Ninth Circuit law, *Carrera v. Dreyer's Grand Ice*

11  *Cream, Inc.*, 475 F. App'x 113 (9th Cir. 2012), and FDA regulations.   B&G Foods should not be

12  subject to iterative, fabricated lawsuits by serial plaintiffs, which walk in circles through time.

13                                              **ARGUMENT**

14  **I.      PLAINTIFFS' CLAIMS ARE TIME-BARRED**

15         Plaintiffs do not dispute that they purchased the taco shells outside of the three- and four-

16  year statutes of limitations applicable to their respective CLRA and UCL claims. (Mot. at 14.)

17  Because the presence of PHOs in the taco shells was fully disclosed, Plaintiffs had notice of their

18  claim at the time of purchase. Plaintiffs' do not dispute that both their individual and class claims

19  fail rise and fall based on their fraudulent concealment and delayed discovery theories.

20                **A.      Plaintiffs' Individual Claims are Time-Barred**

21         The FAC fails to allege Plaintiffs made their purchases within the applicable statutory

22  periods. Nor do Plaintiffs claim that they could so allege, if given leave to amend. Instead,

23  Plaintiffs argue that, under either the doctrine of fraudulent concealment or delayed discovery, the

24  statutes of limitations should be tolled until April 2019, when they supposedly first learned about

25  the presence of PHOs in the products from their lawyer. (Opp. at 8.) Neither doctrine applies here.

26                **1.      Plaintiffs Cannot Claim Fraudulent Concealment**

27         False advertising claims have a four-year limitation period. The doctrine of fraudulent

28  concealment does not render this statute meaningless. As explained in B&G Foods's motion at

1  page 13 and unrefuted by Plaintiffs, to assert fraudulent concealment, Plaintiffs must prove a very

2  specific species of fraud, *viz.*, that B&G Foods prevented them from learning of their claim.  *Long*

3  *v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874-75 (2004) ("in the absence of affirmative action by

4  defendants to prevent plaintiffs from learning of the existence of the textbook, there was no

5  fraudulent concealment").  Plaintiffs fail to show that B&G Foods prevented them from learning of

6  their claim here because B&G Foods disclosed the presence of PHOs on the packaging of the

7  products, as required by the FDA and as shown in the FAC.  (FAC, App'x A.)

8         In the context of food labeling claims, a plaintiff is not prevented from learning of a claim

9  when an ingredient is accurately disclosed because the plaintiff can simply read the Ingredient

10  Panel.  Indeed, countless cases have gone even further and held that a plaintiff cannot assert an

11  ingredient-based claim at all when the ingredients are listed on the product label.

12         For example, in *Clark v. Perfect Bar, LLC*, No. C 18-06006 WHA, 2018 WL 7048788

13  (N.D. Cal. Dec. 21, 2018), Judge Alsup dismissed claims that defendant concealed that its protein

14  bar contained "excessive sugar" when the sugar content was accurately disclosed on the label, *Id*.

15  at *1 ("The actual ingredients were fully disclosed. Reasonable purchasers could decide for

16  themselves how healthy or not the sugar content would be."); *Truxel v. Gen. Mills Sales, Inc.*, No.

17  C 16-04957 JSW, 2019 WL 3940956 *4 (N.D. Cal. Aug. 13, 2019) ("the actual ingredients were

18  fully disclosed and it was up to the Plaintiffs, as reasonable consumers, to come to their own

19  conclusions about whether or not the sugar content was healthy for them"); *McKinniss v. General*

20  *Mills, Inc*., 2007 WL 4762172 *3 (C.D. Cal. Sept. 18, 2007) (plaintiffs could not be misled about

21  the presence of fruit in product because they "would then be expected to peruse the product's

22  contents simply by reading the side of the box containing the ingredient list"); *Bowring v. Sapporo*

23  *U.S.A., Inc*., 234 F. Supp. 3d 386, 390-92 (E.D.N.Y. 2017) (plaintiff could not claim that he

24  thought Sapporo beer was brewed in Japan, despite the use of Japanese imagery, a trademarked

25  symbol representing Japan, and the word "imported" on the label, where the label also bore a

26  disclosure, in small font, that the beer was "[b]rewed and canned ... [in] Ontario, Canada")

27  (quotations omitted)); *Daniel v. Tootsie Roll Indus., LLC*, 2018 WL 3650015 *15 (S.D.N.Y. Aug.

28  1, 2018) (no fraudulent concealment of amount of slack fill in package because "A person of

1   'ordinary intelligence' could easily ascertain the amount of candy contained in the Product boxes

2   by (1) inspecting the net weight printed on the front, and (2) multiplying the serving size by the

3   number of servings in the box, as provided on the back."); *see also Savalli v. Gerber Prods. Co.*,

4   2016 WL 5390223 *1 (S.D. Fla. Sept. 20, 2016) ("to understand what they are purchasing,

5   reasonable consumers should – well, read the label").

6           Here, regardless of whether Plaintiffs could theoretically state a claim to having been

7   misled (which they cannot), it is impossible for them to allege that B&G Foods somehow prevented

8   them from reading the ingredients.  As in the cases above, the ingredients were properly disclosed

9   in the Ingredient Panel, as required by FDA law, for anyone interested to read.

10          Separately, "[a] claim for fraudulent concealment in California requires knowing

11  concealment or non-disclosure by a defendant with the intent to defraud, which induces justifiable

12  reliance and causes injury to the plaintiff."  *625 3rd St. Associates, L.P. v. Alliant Credit Union*,

13  633 F. Supp. 2d 1040, 1050 (N.D. Cal. 2009) (citing *Hoey v. Sony Electronics, Inc.*, 515 F. Supp.

14  2d 1099, 1104 (N.D. Cal. 2007)).  Plaintiffs do not and cannot allege that B&G Foods intended to

15  mislead them about the ingredients, when it plainly disclosed the ingredients to Plaintiffs in the

16  Ingredients Panel.  This is a separate and independent reason why they can never show fraudulent

17  concealment – there can be no intent to conceal something that B&G Foods affirmatively

18  disclosed.

19          The decisions cited by Plaintiffs in their Opposition at 12-14 are not to the contrary, have

20  nothing to do with the facts of this case, and if anything, make plain that no conduct rising to the

21  level of fraudulent concealment occurred here.  *Supermail Cargo, Inv. v. United States*, 68 F.3d

22  1204 (9th Cir. 1995), Plaintiffs' principal authority, found fraudulent concealment when the federal

23  government for years sought to avoid paying the plaintiff's tax refund, including by falsely telling

24  the plaintiff it had already paid the refund or that plaintiff had filed its refund claim with the wrong

25  IRS office.  *Id.* at 1207-09.  Thus, unlike here, defendant prevented plaintiff from learning of its

26  claim with full intent and ability to do so.  Similarly, in *Alberin v. Am. Honda Motor Co.*, No. 16-

27  cv-04384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018), plaintiffs took their allegedly

28  defective cars to car dealerships "who purported to fix the reported problems but never identified

1    the underlying [electrical] issue causing those problems," and the dealers and manufacturer were

2    the only entities who knew of the defect.  2018 WL 1473085 *6.  Under such circumstances, the

3    defendants withheld material facts from plaintiffs, intentionally, to prevent plaintiffs from

4    discovering their claims.[1]

5           Plaintiffs' argument that Rule 9(d) does not require them to identify the precise dates they

6    allegedly purchased the taco shells (Opp. at 13-14), misses the mark.  The FAC fails Rule 9(b) for

7    this reason alone – and Plaintiffs' Opposition, relying instead on a decision from the First Circuit,

8    ignores controlling Ninth Circuit authority to the contrary, *Kearns v. Ford Motor Co.*, 567 F.3d

9    1120, 1122 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

10   But more fundamentally, the FAC cannot explain how B&G Foods "fraudulently concealed" the

11   presence of PHOs despite identifying them as an ingredient.  Plaintiffs thus are not entitled to

12   tolling of the statute of limitations based on fraudulent concealment.

13                    **2.        Plaintiffs Cannot Claim Delayed Discovery**

14          Plaintiffs' assertion that they could not have discovered that the taco shells contained PHOs,

15   fails for at least four reasons.

16          First, as detailed above, the presence of PHO was disclosed on the product packaging.

17   (FAC, App'x A.)  A plaintiff can only claim delayed discovery when it has been diligent about

18   discovering facts but was unable to do so.  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797,

19   807-08 (2005) ("The discovery rule does not encourage dilatory tactics because plaintiffs are

20   charged with presumptive knowledge of an injury if they have information of circumstances to put

21

22   [1] *See also Ciuffitelli v. Deloitte & Touche LLP*, 2018 WL 4568737 *11 (D. Or. Aug. 1, 2018)
     (finding fraudulent concealment where plaintiffs alleged that defendants hid securities fraud with a
     "complex web of companies … that manufactured an appearance of financial strength" and by

23   "their manipulation of the asset values carried on their books …."); *Waldrup v. Countrywide Fin.
     Corp.*, 2014 WL 1463881 *2, 5 (C.D. Cal. Apr. 14, 2014) (finding fraudulent concealment where

24   defendant mortgage broker had secretly conspired with appraisal company to inflate appraisal
     values, and the existence of this scheme was not revealed until whistleblower filed qui tam action);

25   *Broberg v. The Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 917, 920-21 (2009) (finding

26   fraudulent concealment where insurance company falsely represented that premiums would cease
     after 11 years); *Mangiapane v. Ford Motor Co.*, No. 19-cv-02014-HSG, 2019 WL 5199534 *4

27   (N.D. Cal. Oct. 16, 2019) (finding possible fraudulent concealment where plaintiff alleged Ford
     knew about defect in vehicles, instructed dealers on how to fix the issue, but never told consumers

28   about it).

1    them on inquiry or if they have the opportunity to obtain knowledge from sources open to their

2    investigation." (quotations omitted)).  Plaintiffs cannot show either here because, for the reasons

3    already given above, they cannot claim to be diligent while failing to read the ingredients.

4            Second, the FAC is replete with citations to articles beginning in 2005 critical of the use of

5    PHOs.  (FAC ¶¶ 24-68; *see also* Opp. at 1.)  Plaintiffs were thus on inquiry notice of their claims.

6            Third, Plaintiffs also claim that they did not learn that they did not want to consume PHOs

7    until they spoke with their lawyer in 2019.  But B&G Foods was not under any affirmative

8    obligation to explain Plaintiffs' lawyer's beliefs about trans fat.  It properly listed its ingredients in

9    conformance with FDA law, and Plaintiffs were free to use that information in any way they

10   wished.  *Truxel*, 2019 WL 3940956 *4.

11           None of the cases Plaintiffs rely on (Opp. at 7-12), apply the delayed discovery doctrine

12   when the product at issue disclosed all the facts they needed to assert their claims.  To the contrary,

13   the cases cited by Plaintiff confirm that the delayed discovery doctrine only applies where the

14   plaintiff proves that it was unable to discover its claim despite being diligent.  For example, *Syed v.*

15   *M-I LLC*, 853 F.3d 492 (9th Cir. 2017), applied the delayed discovery doctrine to a claim involving

16   the unlawful procurement of a credit report, which the plaintiff only learned about because the

17   defendant procured it without telling him (which is why the procurement was unlawful).  *Id.* 506-

18   07.  Similarly, in *Bibeau v. Pacific Northwest Research Found.*, 188 F.3d 1105 (9th Cir. 1999), the

19   statute of limitations was tolled because the defendants, who conducted a series highly unethical

20   experiments on prison inmates, never told him that irradiating his testicles may cause a variety of

21   seemingly unrelated illnesses decades later.  *Id.* at 1108.  And in *Favila v. Katten Muchin*

22   *Rosenman LLP,* 188 Cal. App. 4th 189 (2010), as modified on denial of reh'g (Sept. 22, 2010), the

23   court tolled the statute of limitations to bring a legal malpractice claim because the defendant never

24   disclosed that it was representing an adverse party to a transaction, instead claiming in a conflict

25   waiver form that it only represented that party in connection with a different matter.  *Id.* at 225; *see*

26   *also Yumul v. Smart Balance, Inc.,* 733 F. Supp. 2d 1134, 1143-44 (C.D. Cal. 2010) (dismissing

27   another trans fat claim brought by Plaintiffs' lawyer for failing to allege with specificity the manner

28   of her allegedly delayed discovery of her claim).

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

1    By contrast, courts have declined to apply the delayed discovery rule even in cases where

2    the plaintiffs had far less information available to them than was present here.  *E.g.*, *Jolly v. Eli*

3    *Lilly & Co.*, 44 Cal. 3d 1103, 1117 (declining to toll statute of limitations where plaintiff did not

4    know of the identity of the defendant, because plaintiff could have filed a complaint against a Doe

5    defendant); *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1235 (2014)

6    (even though plaintiff did not see broadcast of ghost hunting show on the SyFy channel, its public

7    broadcast was sufficient to put him on notice producers had allegedly stolen his ghost hunting

8    idea); *Utility Cost Mgmt. v. Indian Wells Valley Water Dist.*, 26 Cal. 4th 1185, 1197 (2001)

9    (declining to delay accrual of claim to recover alleged overcharges paid to utility because utility

10   made statutorily required disclosures about bases for fee increases).[2]

11   Fourth, the delayed discovery rule does not even apply to Plaintiffs' claim under the

12   "unlawful" prong of the UCL.  *In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1210

13   (N.D. Cal. 2015) (unfair competition UCL claims accrued at time unfair competition occurred, not

14   when plaintiff discovered it).  Courts have since construed the leading California Supreme Court

15   case on delayed discovery under the UCL as precluding application of the discovery rule to any

16   UCL claims not based on fraud.  *E.g.*, *M&F Fishing, Inc. v. Sea-Pac Ins. Mgrs.*, 202 Cal. App. 4th

17   1509, 1531-32 (2012) ("We conclude the delayed discovery rule does not apply to respondents'

18   UCL claim because that claim, as we have now determined, is premised on appellants' violation of

19   Insurance Code section 1764.1.").

20   In sum, despite having four attempts to do so, and despite B&G Foods identifying the

21   statute of limitations as a bar to Plaintiffs' claims each time they have asserted them, Plaintiffs have

22   failed to allege any facts showing it would have been impossible for them to discover their claims

23   before April 2019.  To the contrary, the FAC demonstrates that Plaintiffs had all the information

24   they needed once they purchased the products.  The delayed discovery rule has no application here.

25

26   [2] The other cases cited by Plaintiff are simply inapposite.  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001), which Plaintiffs claim is one of the key Ninth Circuit decisions on this issue (Opp. at 7), is actually about whether filing an administrative claim tolls the

27   time to file a civil lawsuit.  *Unruh-Haxton v. Regents*, 162 Cal. App. 4th 343 (2008), and *Nelson v. Indevus Pharmas.*, 142 Cal. App. 4th 1202 (2006), both simply hold that media publicity

28   surrounding an issue, without more, does not put a plaintiff on notice.

### B.   Plaintiffs' Class Claims are Time-Barred

Plaintiffs do not dispute that their class claims are not tolled by *American Pipe & Construction v. Utah*, 414 U.S. 538 (1974), in light of *China Agritech v. Resh*, 138 S. Ct. 1800 (2018).  Instead, Plaintiffs argue that class claims can only be disposed of at the class certification stage.  (Opp. at 15.)  This is incorrect for several reasons.  First, as detailed in the moving papers at page 12, courts have routinely stricken or dismissed untimely class claims in light of *China Agritech*, including recently by Judge Freeman.  Second, the cases cited by Plaintiffs confirm that dismissal of class claims is appropriate where the named plaintiff's claims are barred.  *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252 *2 (C.D. Cal. June 2, 2014) ("It is fundamental that a named plaintiff cannot prosecute a claim on behalf of a class of which she is not a member…. Here, Plaintiff's claims under the consumer protection laws of Alaska, Idaho, Iowa, and Virginia are time-barred.  That absent class members may have claims under these laws is immaterial – only Plaintiff's individual claims are presently before the Court."); *Cheng v. BMW of N. Am., LLC*, 2013 WL 3940815 *4 (C.D. Cal. July 26, 2013) (when defendant mooted plaintiff's claims by voluntarily recalling allegedly defective vehicle, dismissal was appropriate notwithstanding that recall did not extend to all putative class members' vehicles).[3]  Accordingly, and for the reasons in B&G Foods's Motion at 10-13, Plaintiffs' class claims should be stricken.

## II.   PLAINTIFFS' CLAIMS SEPARATELY FAIL FOR THE SAME REASONS NUMEROUS OTHER COURTS HAVE DISMISSED THEM

Plaintiffs individual use claims are preempted or barred by the safe harbor doctrine because the FDA expressly permitted the use of PHO in food to continue until 2018.  Plaintiffs' individual labeling claims fails because Plaintiffs lack standing and fail to state a claim as they allege no actual injury or that their claimed injury was caused by B&G Foods.

---

[3] Plaintiffs mischaracterize *Bayol v. Zipcar, Inc.*, No. 14-cv-02483-TEH, 2015 WL 4931756 (N.D. Cal. 2015), as stating that dismissal is appropriate unless there is a "legal certainty" that the statute of limitations bars all putative class members' claims.  The issue in that case was whether the class claims could meet the $5,000,000 jurisdictional minimum.  The standard for that determination is whether it is legally certain such damages can be recovered.  To that end, the court only considered whether it was legally certain that that statute of limitations would cut off so many potential claims that the remaining claims would not total $5,000,000. This analysis has no bearing here.

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

### A. Plaintiffs' Use Claims Are Preempted or Barred by the Safe Harbor Doctrine

Plaintiffs make no effort to address or distinguish the numerous decisions dismissing identical claims brought by Plaintiffs' lawyer as preempted or barred by the safe harbor doctrine.[4] Instead, Plaintiffs simply rehash the very same arguments made by their lawyer that have been rejected in at least half a dozen prior decisions in this judicial district alone. (Dkt. No. 22 at 14-16 (collecting cases).) This extensively litigated issue does not merit any further judicial ink. B&G Foods respectfully submits the Court should follow the decisions of "numerous judges in this district" and conclude that "claims based on the use of PHOs in food prior to June 18, 2018, are conflict preempted by the FDA's Final Determination and resulting litigation." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 875 (N.D. Cal. 2019).

### B. Plaintiffs' Opposition Further Proves that They Could Not Have Relied on the Statement "0g Trans Fat"

As explained in B&G Foods's moving papers at pages 17-19, Plaintiffs separately cannot claim that they relied on the language "0g trans fat" in making their purchase when they claim that they did not discover that they did not want to consume trans fat until 2019. In their Opposition, Plaintiffs offer no coherent explanation for how they could have relied on this statement beyond insisting that the Court take their boilerplate allegations of reliance as true. (Opp. at 19-20.) Under *Twombly*/*Iqbal*, however, the Court is allowed to apply common sense. It is simply not possible that Plaintiffs were unaware about the alleged dangers of trans fat until 2019, while at the same time only bought the product in 2015 because they thought it was trans-fat free.

The Opposition also cites to the *Kroger* decision (Opp. at 20), but that case did not address the argument raised by B&G Foods. Rather, it held that "the district court misread Hawkins's complaint. It interpreted the complaint as alleging that she did not read the '0g Trans Fat per serving' product label until August 2015, fifteen years after she began purchasing the product." 906 F.3d at 769. That is not the argument here. As explained in the Motion, and unrefuted by Plaintiffs, it is implausible to simultaneously rely on the language "0g trans fat" and at the same time not discover that they did not want to eat trans fat until five years after their purchase.

---

[4] To the extent Plaintiffs acknowledge the repeated dismissals of identical claims, it is only to note that years ago in some other cases, their lawyer was able to extract settlement payments from other defendants. (Opp. at 5-6.)

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

1  Plausibility is assessed under the totality of the facts and circumstances of each case.

2  Plaintiffs ask the Court to ignore the fusillade of lawsuits by Plaintiffs and their lawyer and the

3  particularly vexatious nature of the proceedings against B&G Foods – serial plaintiffs, a frivolous

4  appeal where the Ninth Circuit imposed sanctions, judge shopping, dilatory amendment of the

5  pleadings, and more, which has been ongoing for five years.  The purpose of the plausibility

6  inquiry, however, is to protect courts and parties from needless and expensive discovery and trials.

7  *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F. 3d 990, 995 (9th Cir. 2014)

8  (*Twombly/Iqbal* pleading standard recognizes "the need to prevent 'a plaintiff with a largely

9  groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so

10  representing an *in terrorem* increment of settlement value'") (quoting *Twombly*, 550 U.S. at 557-

11  58; quotation omitted); *see also Twombly*, 550 U.S. at 558 ("So, when the allegations in a

12  complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency

13  should ... be exposed at the point of minimum expenditure of time and money by the parties and the

14  court.'") (quoting 5 Wright & Miller, FED. PRACTICE & PROC. § 1216 at 233-34; internal quotation

15  omitted).  Under the totality of circumstances of this case, given their self-contradictory allegations,

16  Plaintiffs cannot state a plausible claim.

17  Plaintiffs labeling claims also fail because they do not allege they suffered any actual injury

18  from consuming the taco shells in suit.  In their Opposition, Plaintiffs argue that the FAC contains

19  allegations that trans fats cause certain health conditions.  But absent from the FAC is any

20  allegation that Plaintiffs themselves have suffered any such health condition.  Nor do Plaintiffs

21  allege that the taco shells, as opposed to some other source of trans fat, were the actual cause of any

22  hypothetical injury they might have suffered.  This is separately fatal to their claims.  *Schmier v.*

23  *U.S. Ct. of App.*, 279 F.3d 817, 821 (9th Cir. 2012) (Article III standing requires an injury that

24  "must have actually occurred" and cannot be purely "hypothetical").

25  **III.   LEAVE TO AMEND SHOULD BE DENIED**

26  Plaintiffs have had ample opportunity to cure the deficiencies B&G Foods has identified in

27  their complaint on three prior occasions.  They cannot do so, and do not even request leave to

28  amend in their Opposition.  Their claims should be dismissed with prejudice.

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT

**IV.   ALTERNATIVELY, THIS CASE SHOULD BE STAYED**

Plaintiffs acknowledge that numerous, identical claims have been stayed pending the Ninth Circuit's resolution of another one of Plaintiffs' lawyer's trans fat lawsuits. *See Red v. Gen. Mills, Inc.*, Case No. 2:15-cv-02232-ODW (JPR) (C.D. Cal.) (Dkt. No. 56); *Altes v. Conagra Brands*, Case No. 2:19-cv-03952 (C.D. Cal.) (Dkt. No. 12); *Altes v. Star Brands N. Am., Inc.*, 2:19-cv-04399 (C.D. Cal.) (Dkt. No. 12); *Backus v. Biscomerica Corp.*, No. 16-cv-3916-HSG (N.D. Cal.) (Dkt. No. 45); *Winn v. Mondelez Int'l, Inc.*, 17-cv-02524-HSG (N.D. Cal.) (Dkt. No. 37).  Plaintiffs argue that the Ninth Circuit is not considering a labeling claim like the Plaintiffs assert here.  But the Ninth Circuit's ruling could resolve all of Plaintiffs' use claims, which are a substantial portion of this case.  And several of the district courts that have issued stays did so despite the plaintiffs in those cases raising labeling claims. *E.g.*, *Altes v. Conagra Brands*, *supra*.  A stay is appropriate here as well.

## CONCLUSION

For the foregoing reasons, B&G Foods' Motion to Dismiss should be granted.

Dated:  April 3, 2020                         Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP


By:   /s/ *Matthew Borden*
             Matthew Borden

Attorney for Defendants B&G Foods, Inc. and
B&G Foods North America, Inc.

DEFS' REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS AND TO DISMISS THE COMPLAINT