**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:    (619) 798-2006
Facsimile:    (619) 343-2789

**Counsel for Plaintiffs**

**BRAUNHAGEY & BORDEN LLP**
J. NOAH HAGEY (262331)
*hagey@braunhagey.com*
MATTHEW BORDEN (214323)
*borden@barunhagey.com*
DAVID KWASNIEWSKI (281985)
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone:    (415) 599-0210
Facsimile:    (415) 276-1808

**Counsel for Defendants**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA SILVA and NANCY SCHIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>B&G FOODS, INC. and B&G FOODS NORTH AMERICA, INC.,<br><br>Defendants. | Case No: 4:20-cv-137-JST<br>Pleading Type: Class Action<br><br>**JOINT DISCOVERY LETTER FOR PLAINTIFF'S REQUEST FOR LEAVE TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES** |

**Plaintiffs' Positions**

### I. Factual and Procedural Background

This case was filed on January 7, 2020. On July 1, Plaintiffs served their First Sets of Interrogatories and Requests for Production on each Defendant. Defendants served timely objections to these requests on August 3.

On August 7, Defendants moved to stay discovery in this action until the Court ruled on their pending Motion to Dismiss, to which Plaintiffs filed a non-opposition. On August 21, the Court granted the motion. *See* Dkts. 33-34.

On September 8, the Court granted the motion to dismiss as to Plaintiffs' "trans fat use" theory, but not their allegation that Defendants used the unlawful nutrient content claim "0g Trans Fat!" while adding dangerous amounts of trans fat to their Ortega taco shells. Dkt. 35.

On September 9, Plaintiffs sent a detailed letter addressing Defendants' objections, and requesting a telephone conference to confer further.

Also on September 9, Plaintiffs sent the N.D. Cal. model protective order and requested that Defendants stipulate to it.

On September 18, Plaintiffs sent a reminder e-mail again asking Defendants to provide a time to confer on the requests. Like the first request, the second request received no response.

On September 22, Plaintiffs sent their third request to confer, to which Defendants finally provided the date and time of September 28 at 2pm.

On September 28, in advance of the call, Plaintiffs re-sent their September 9 request relating to the protective order stipulation.

On September 28, the Parties met and conferred telephonically. The call did not result in any issue being resolved. While Defendants stated they would "supplement" their August 3 objections, they declined to commit to producing any actual documents by any date. They also would not commit to providing any substantial interrogatory responses, not even basic facts like the unit sales and revenue from the sale of Ortega taco shells during the class period.

### II. Plaintiffs' Substantive Position

Plaintiffs laid out their views on the substance of their requests and Defendants' responses in their September 9 letter. Defendants never responded in writing to the letter, and it took multiple requests over several weeks to even get them on the phone to discuss them.

The letter first noted Defendants' many "general objections" are invalid because they are not "stated with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B).

Defendants next objected to all fourteen the interrogatories and all twenty-two of the RFPs as "overbroad" and "unduly burdensome" or "disproportionate . . . given the needs of this case." Plaintiffs responded that making copy-and-paste "burden" objections to every single request was inappropriate, and further such objections required particular support detailing the claimed burden, citing many recent cases making such holding.

Defendants—again to every single interrogatory and RFP—also claimed every request was not "relevant" and not "reasonably calculated to lead to the discovery of admissible evidence." Such objections appear to have been copy and pasted like the other ones, as they deal with the subject matter of the case. Another cut-and-paste objection to every single request was "vague and ambiguous." Plaintiffs responded in their letter that parties are required to "exercise common sense and attribute ordinary definitions to terms in discovery requests." *Sanchez Y Martin, S.A. v. Dos Amigos, Inc*., 2019 U.S. Dist. LEXIS 23694, at *11 (S.D. Cal. Feb. 13, 2019).

Defendants—again to every single interrogatory and RFP—objected on the basis of privilege and work product. But they provided no detail or privilege log. Plaintiffs requested they do so.

Plaintiffs, on the next objection, wrote as follows:

Defendants object to all fourteen of Plaintiff's interrogatories and all twenty-two of Plaintiff's RFPs because they "seek[] a compilation, abstract, and/or summary of documents or business records that may be produced in this action." With respect to Plaintiff's RFPs, the objection is nonsensical. The requests seek Defendants' documents themselves, not summaries of Defendants' documents. For example, how could RFP No. 5, which seeks "Exemplars of all LABELS, packaging, package inserts, and brochures RELATING TO ORTEGA," require a compilation or summary of documents? […] If Defendants intend to produce business records in lieu of responding to Plaintiff's interrogatories, they must actually produce the business records. To date, Defendants have failed to produce a single responsive document, let alone establish that "deriving or ascertaining the answer will be substantially the same for either party.'" Stiles, 2020 U.S. Dist. LEXIS 8679, at *27 (E.D. Cal. Jan. 17, 2020).

Finally, to Defendants' "Publicly Available" and "Available from Third Parties" objections, once again copied and pasted into every response, Plaintiffs noted the complete lack of specificity to the objection, and further that the fact documents may be in control of the third parties does not relieve a party of the burden of discovery response.

### III. Request for Relief

Discovery has been open in this case for three months, aside from a discovery stay that lasted 18 days. While Plaintiffs voluntarily produced 3,969 pages of documents relevant to their claims absent even a formal request, Defendants have produced zero pages of documents, answered zero

interrogatories, and provided only cut-and-paste objections. Nor have they committed to producing documents later on a date certain. Given the complete lack of production and impasse on every request, and no progress made on any issue after conferring by letter and telephone conference, Plaintiffs believe the best route forward would be the Court either granting them leave to file a motion to compel, or else referring discovery issues to a magistrate for an informal discovery conference.

**Defendants' Position**

      A.      **Factual Background**

This case challenges Defendant B&G Foods' taco shell labels that were changed in 2015. The action is a continuation of a series of lawsuits filed by Plaintiffs lawyer regarding the use of trace levels of partially hydrogenated oils ("PHOs"), as allowed by the United States Food and Drug Administration ("FDA").[1] On August 18, 2015, Troy Walker filed suit against B&G Foods in this Court. After the Court denied Plaintiffs' motion to join the *Walker* case in late 2019, Mr. Walker dismissed his claims with prejudice, and Plaintiffs filed the instant Complaint on January 7, 2020.

The Complaint is a cut-and-paste of the *Walker* case and the claims Plaintiffs sought to file in the Walker case. (Dkt. No. 1.) Plaintiffs filed this action without informing the Court that that this case was related the *Walker* case, as Civil Local Rule 3-3 required them to do, and it was assigned to Judge Donato. B&G Foods was forced to move to relate to the two cases. (Dkt. No. 10.) That motion

---

[1] His oeuvre includes cases by Plaintiff Adam Perez: *Perez v. Costco Wholesale Corp.*, No. 13-cv-1687 (S.D. Cal.); *Perez v. The J.M. Smucker Co.*, No. 12-cv-00853 (S.D. Cal.), cases by Plaintiff Mary Henderson: *Henderson v. Gruma*, 10-cv-04173-AHM-AJW (C.D. Cal.); *Henderson v. the J.M. Smucker Co.*, No. 10-cv-04525 (C.D. Cal.); cases by Plaintiff Troy Backus: *Backus v. Gen. Mills, Inc.*, No. 15-cv-01963 (N.D. Cal.); *Backus v. Nestle USA, Inc.*, No. 15-cv-01963-MMC (N.D. Cal.); *Backus v. Conagra Foods*, C 16-00454 WHA (N.D. Cal.); *Backus v. Biscomerica Corp.*, No. 16-cv-3916-HSG (N.D. Cal.); cases by Plaintiff Victor Guttmann: *Chacanaca v. The Quaker Oats Co.*, No. C 10-502 RS (N.D. Cal.); *Peivani v. Hostess Brands, Inc.*, No. 10-cv-2303 (C.D. Cal.); *Guttmann v. Ole Mexican Foods, Inc.*, No. C 14-04845 (N.D. Cal.); *Guttmann v. La Tapatia Tortilleria, Inc.*, No. C 15-2042 SI (N.D. Cal.); *Guttmann v. Nissin Foods (U.S.A.) Co.*, C 15-00567 WHA (N.D. Cal.); cases by Plaintiffs Mark and Maxine Beasley: *Beasley v. Conagra Brands, Inc.*, 18-cv-06730-SI (N.D. Cal.); *Beasley v. Tootsie Roll Indus., Inc.*, 4:18-cv-07724-YGR (N.D. Cal.); *Beasley v. Lucky Stores, Inc.*, 3:18-cv-07144 (N.D. Cal.); *Beasley v. Subco Foods, Inc.*, 19-CIV-03681 (Cal. Super. Ct., San Mateo Cty.); cases by Plaintiff Shavonda Hawkins: *Hawkins v. AdvancePierre Foods, Inc.* (S.D. Cal. 3:15-cv-02309); *Hawkins v. Kroger Co.*, 3:15-cv-02320-JM-BLM (S.D. Cal.); *Hawkins v. Kellogg Co.*, No. 3:16-cv-00147 (S.D. Cal.); and cases by Plaintiffs Tiffini and Steve Altes: *Altes v. Conagra Brands*, 2:19-cv-03952 (C.D. Cal.); *Greenbrier Int'l, Inc.*, 2:19cv03011 (C.D. Cal.); *Altes v. Star Brands N. Am., Inc.*, 2:19-cv-04399 (C.D. Cal.).

was granted on January 29, 2020, and the case reassigned to this Court. (*Walker v. B&G Foods*, Case No. 3:15-cv-3772-JST, Dkt. No. 76.)

On February 7, 2020, B&G Foods filed a motion to dismiss the case. (Dkt. No. 16.) Rather than respond, Plaintiffs made non-substantive amendments to their pleading. (Dkt. No. 20.) On March 13, 2020, B&G Foods filed a virtually identical motion to dismiss. (Dkt. No. 22.)

While the motion to dismiss was pending, Plaintiffs propounded more than 90 sweeping discovery related to all their claims. B&G Foods asked Plaintiffs to stay discovery until the scope of the remaining claims, if any, could be determined. Plaintiffs, however, refused.

On August 7, 2020, B&G Foods was forced to file a motion to stay discovery. Instead of opposing the motion that they had forced B&G Foods to file, however, Plaintiffs then filed a non-opposition. (Dkt. No. 33.) The Court granted B&G Foods' motion on August 21, 2020. (Dkt. No. 34.)

Thus, discovery in this matter was stayed by Court Order, pursuant to Plaintiffs' own agreement.

On September 8, 2020, the Court granted B&G Foods' motion to dismiss all of Plaintiffs' claims, except the one related to the label B&G Foods changed during the ordinary course of its business back in 2015.

Thus, the earliest discovery could have commenced was on September 8, 2020. Under the Federal Rules, Defendants' responses to Plaintiffs' discovery requests are not due until October 12, 2020 (30 days after the lift of the stay, plus an additional 3 days because the discovery requests were served by mail).

During the parties' call on September 28, 2020, B&G Foods explained this to Plaintiffs and stated their intent to provide discovery responses on or before October 12. Plaintiffs nonetheless elected to submit this discovery letter seeking to obtain discovery responses a few days in advance of the deadline.

4

*Silva et al. v. B&G Foods Inc et al.*, Case No. 4:20-cv-137-JST
JOINT LETTER RE DISCOVERY DISPUTE

### B. Relief Requested

The Court should reject Plaintiffs' request for a discovery conference or for leave to file a motion to compel, as these requests will be mooted in a few days' time.

Dated: October 2, 2020                    Respectfully submitted,

/s/ Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
1405 Morena Blvd, Suite 201
San Diego, CA 92110
Telephone:     (619) 798-2006
Facsimile:      (619) 343-2789

**Counsel for Plaintiffs**


*/s/* David Kwasniewski

**BRAUNHAGEY & BORDEN LLP**
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone:     (415) 599-0210
Facsimile:      (415) 276-1808

**Counsel for Defendants**