UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SILVA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>B&G FOODS, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-00137-JST<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE**<br><br>Re: ECF No. 154 |

Plaintiffs Sabrina Silva and Nancy Schier have filed an administrative motion requesting that the Court continue the trial date and set a schedule for Plaintiffs to file a renewed motion for class certification. ECF No. 154. Defendants B&G Foods, Inc. and B&G Foods North America, Inc. (collectively, "B&G") oppose the motion. ECF No. 155. The Court will deny Plaintiffs' motion.

First, Plaintiffs improperly filed their request as an administrative motion under Civil Local Rule 7-11, which governs motions "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned judge." Civil L.R. 7-11. Plaintiffs argue that the relief they seek is appropriate under Rule 16 of the Federal Rules of Civil Procedure. ECF No. 154 at 2. Thus, their request is governed by a Federal Rule and is not a "miscellaneous administrative matter" within the meaning of Civil Local Rule 7-11. *See United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1817006, at *1 (N.D. Cal. June 24, 2009) ("As an initial matter, the court notes that [the defendant's] motion is incorrectly brought pursuant to Civil Local Rule 7-11. A motion to amend a scheduling order should be brought pursuant to Rule 16 of the Federal Rules of Civil Procedure.").

Plaintiffs' motion also fails on the merits. Under Rule 16, "[a] schedule may be modified

only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause does not exist where, as here, "Plaintiffs do not identify any new evidence or legal theories of which they were not previously aware at no fault of their own." *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00035-VAP-KSx, 2020 WL 7314794, at *3 (C.D. Cal. Nov. 30, 2020). As this Court has previously explained, "[c]ourts within the Ninth Circuit have . . . rejected efforts by plaintiffs to modify case scheduling orders to allow for second motions for class certification simply because the Court denied a first motion and the time for filing class-certification motions had passed." *Siino v. Foresters Life Ins. & Annuity Co.*, No. 20-cv-02904-JST, 2022 WL 20184654, at *1 (N.D. Cal. July 26, 2022) (collecting cases).

Plaintiffs argue that the Court's summary judgment ruling and its exclusion of certain evidence by B&G's expert, Dr. Robert Palmatier, ECF No. 153, provide good cause to allow a renewed motion for class certification, but neither ruling affects the Court's denial of class certification, ECF No. 118. That the Court excluded portions of Palmatier's testimony as irrelevant to Plaintiffs' individual claims does not mean that the evidence does not remain relevant to class certification issues. Likewise, the Court's summary judgment ruling that the "0g Trans Fat! per serving" representation violated 21 C.F.R. §§ 101.13 and 101.62 does not change the Court's prior conclusion that, "[e]ven if materiality and reliance could be established on a classwide basis, the record in this case suggests that individualized questions over whether class members suffered concrete harm would overwhelm common questions regarding whether there was a statutory violation." ECF No. 118 at 5. Plaintiffs have presented no evidence that anyone other than the named plaintiffs "would not have purchased the products if the front of the packaging did not [contain the challenged representation]," and the Court found "it implausible to conclude that B&G's use of the '0g Trans Fat! per serving' label caused every member to purchase taco shells that they would not otherwise have purchased." *Id.* at 3–5. Plaintiffs argue that individualized inquiries are unnecessary to award restitution, but, as a case they rely on explains, restitution under California's unfair competition law "is based on what a purchaser would have paid at the time of purchase had the purchaser received the information." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015). As the Court explained when

2

1   it denied class certification, Plaintiffs' "alleged concrete harm . . . is that class members would not
2   have purchased the products if they did not contain [the challenged representation]," but
3   "Plaintiffs present no mechanism for determining which class members suffered [that] economic
4   injury." ECF No. 118 at 5.  B&G, on the other hand, presented uncontested survey evidence
5   "finding no statistical difference in the proportion of consumers who would be likely to purchase
6   Ortega taco shells with '0g Trans Fat! per serving' on the label as compared to the same packaging
7   without that statement," and that, on average, respondents were willing to pay 2% more when the
8   statement was removed.  *Id.* at 4 (citing ECF No. 106-9 ¶¶ 56–58, 61).  The Court's more recent
9   rulings do not alter its analysis on the propriety of class certification.

Plaintiffs' motion to modify the case schedule is denied.

**IT IS SO ORDERED.**

Dated:  August 9, 2023

_____
JON S. TIGAR
United States District Judge

3