**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:    (619) 798-2006
Facsimile:    (619) 343-2789

**Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SILVA and NANCY SCHIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>B&G FOODS, INC. and B&G FOODS NORTH AMERICA, INC.,<br><br>Defendants. | Case No: 4:20-cv-137-JST<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND TESTIMONY RELATING TO PLAINTIFFS' COUNSEL**<br><br>Judge: The Honorable Jon S. Tigar<br>Trial Date: October 10, 2023<br>Time: 10:00 a.m.<br>Location: Courtroom 6 |

## I. Introduction

Plaintiffs Sabrina Silva and Nancy Schier respectfully move the Court *in limine* for an order excluding all evidence and testimony relating to (1) Plaintiffs' counsel's other work actions and (2) the terms of confidential settlement offers extended by Plaintiffs' counsel in this action and the related *Walker* action. Further, Plaintiffs respectfully move the Court for an order enjoining Defendants and their counsel from disparaging Plaintiffs' counsel at trial in this action.

Plaintiffs' counsel's prior litigation history in unrelated actions and the terms of any confidential settlements in those actions have no bearing on the claims before the Court, and it would be unduly prejudicial to permit Defendants to use such evidence at trial. Such evidence is irrelevant to the claims and defenses before the Court and highly prejudicial to Plaintiffs. Further, the terms of confidential settlement offers extended by Plaintiffs' counsel in this action and the *Walker* action are inadmissible pursuant to Federal Rule of Evidence 408.

## II. Legal Standard

The applicable legal standard is provided in Plaintiff's Motion in Limine No. 1.

## III. The Court Should Exclude All References by Defense Counsel about Plaintiffs' Counsel.

At multiple times in this case Defendants have accused counsel for Plaintiffs of "variety of misconduct" such as the crime of seeking to "extort" them:

- "These claims, which Plaintiff's lawyer cut, pasted, and refiled across the Northern District from 2012-2015, were first filed in this Court by serial litigant Troy Walker in 2015." Doc. 16 at 1.
- "That context affirms that Plaintiffs have not suffered any real injury and is simply working with their lawyer to try to extort money." Doc. 16 at 17.
- "In 2012, Plaintiffs' lawyer began mounting a campaign of repeatedly filing the same putative 'class action' claims regarding trans fat on behalf of the same recycled plaintiffs." Doc. 16 at 4.
- "The Opposition does little to defend Plaintiffs' claims on the merits, apart from rehashing the same arguments Plaintiffs' lawyer has unsuccessfully raised in dozens of other cases that have been dismissed." Doc. 28 at 2.
- "Here, Plaintiff's lawyer has previously attempted to sell out the class in exchange for a large payment to himself, filed a frivolous appeal in this case and others resulting in the Ninth Circuit sanctioning him, and has been admonished by courts for his practice of recruiting captive plaintiffs to file copy-and-paste complaints intended solely to extract money from businesses." Doc. 106 at 22.
- "Plaintiffs' lawyer also has a history of repeatedly filing the same putative 'class action' claims on behalf of the same recycled plaintiffs. He has been admonished by multiple federal judges for a variety of misconduct and for filing cases on behalf of plaintiffs who could not have been misled

1

*Silva et al. v. B&G Foods Inc. et al.*, Case No. 4:20-cv-137-JST
PLAINTIFFS' MOTION *IN LIMINE* RE PLAINTIFFS' COUNSEL'S LITIGATION HISTORY IN OTHER ACTIONS

by product labeling because they had made the same allegations in earlier cases." Doc. 106 at 24.

Plaintiffs respectfully move the Court for an order excluding such evidence and references to other cases and settlement negotiations as irrelevant to the claims and defenses and prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403.

In *Datatreasury Corp. v. Wells Fargo & Co*, the plaintiff moved to exclude "reference to any other case in which counsel for Plaintiff is or was involved or reference to publications that discuss those cases." *Datatreasury Corp. v. Wells Fargo & Co.*, 2010 U.S. Dist. LEXIS 152055, at *55 (E.D. Tex. Feb. 26, 2010). The court agreed and granted the motion, holding that "[o]n balance, unrelated litigation is not relevant under Rules 401 and 402, and any probative value is substantially outweighed by the danger of unfair prejudice under Rule 403." *Id.* at *55-56. See also *Naff v. State Farm Gen. Ins. Co.*, 2016 U.S. Dist. LEXIS 101284, at *17 (E.D. Cal. Aug. 2, 2016) (excluding "evidence or argument related to other cases in which defendant's attorney, Mr. Park, was counsel or a witness"). Likewise, in *Hinkle v. Ford Motor Co.*, the defendant moved to exclude "all statements, arguments, and/or comments made by Ford's counsel in other cases" "[p]ursuant to FRE 401 and 403." *Hinkle v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 130585, at *20 (E.D. Ky. Sep. 13, 2012).  The court granted "Ford's motion to exclude arguments or statements made in other cases." *Id.* at *21. See also *Robinson v. Colucci*, 2018 U.S. Dist. LEXIS 230355, at *1 (S.D. Miss. July 11, 2018) (granting motion to exclude "[a]ny comments regarding plaintiff's counsel's practice or prior verdicts or trial(s)"). Here, evidence relating to Plaintiffs' counsel's work in other actions should similarly be excluded at trial.

Courts have also repeatedly enjoined parties and their counsel from making disparaging and inflammatory comments about parties and their counsel at trial. In *Olsen v. Owners Ins. Co.*, the plaintiff moved for an "[o]rder precluding improper evidence or argument disparaging Plaintiff's Counsel." *Olsen v. Owners Ins. Co.*, 2022 U.S. Dist. LEXIS 97824, at *10 (D. Colo. June 1, 2022). The court granted the motion, noting that "it would be improper for the defense to seek to disparage the law firm." *Id.* Likewise, in *Hartwig v. JDP, Inc.*, the court granted the defendants' motion in limine to exclude "[a]ny statement disparaging any Defendants, any Defendants' counsel, any Defendants' case or theory of defense or any witness." *Hartwig v. JDP, Inc.*, 2021 U.S. Dist. LEXIS 261213, at *5 (S.D. Iowa Jan. 25, 2021). Similarly, in *Tilton v. Capital Cities/ABC*, the court granted "Defendants' Motion in Limine to Preclude Disparaging

2

and Prejudicial Remarks By Plaintiff About Defendants or Defense Counsel at Trial and to Strike Such Remarks." *Tilton v. Capital Cities/ABC*, 938 F. Supp. 748, 751 (N.D. Okla. 1995). Here, too, Defendants should be precluded from making disparaging remarks about Plaintiffs' counsel at trial, particularly with respect to other actions.

Plaintiff also moves the Court for an order excluding all evidence and testimony relating to confidential settlement negotiations in this action and the dismissed related *Walker* action.

Defendants' depiction of the required pre-filing attempt to settle in *Walker* is both flatly false and irrelevant and prejudicial. First, the CLRA *requires* a plaintiff, at least 30 days before filing suit, to make a reasonable pre-litigation attempt at settlement. *See* Cal. Civ. Code § 1782.

Defendants claim that Weston sought, before filing the case, "a payment of $350,000 **to himself**." Doc. 106 at 22 (emphasis added). This is flatly false, as evidenced by Mr. Weston's email containing the offer, which reads, "I think this can be **resolved classwide** before filing for $350,000 all-in, **provided your client is willing to agree to a date to remove PHO from its products**." Dkt. 106-8 at p. 17 (Border Decl. Ex. 7). In other words, the prefiling settlement proposal was (1) the huge public health benefit from the removal of trans fat from Ortega several years before the federal ban required it; and (2) a "classwide" fund of $350,000, from which any fees would be deducted only upon application and approval of the Court. Defendants, in their attached correspondence, even acknowledged that the offer was for a classwide settlement. *See* Dkt. 108-6 at 20.

In the same brief, Defendants asserted that "Plaintiffs' lawyer later demanded $66,000 in attorney's fees and a $4,000 for his client, then $55,000 in attorney's fees and a $4,000 incentive payment." Doc. 106 at 22. Defendants should not be permitted to introduce evidence and testimony concerning settlement negotiations such as this.

"Federal Rule of Evidence 408 makes inadmissible evidence of 'accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim' when any party uses such evidence to prove or disprove the validity or value of a claim." *Coach, Inc. v. Citi Trends, Inc.*, 2019 U.S. Dist. LEXIS 208460, at *2 (C.D. Cal. Oct. 23, 2019) (quoting Fed. R. Evid. 408(a)). Here, Plaintiffs anticipate that Defendants will again mischaracterize settlement discussions to argue that Plaintiffs' counsel attempted to extort them at trial, and that Plaintiffs' claims are baseless.

3

*Silva et al. v. B&G Foods Inc. et al.*, Case No. 4:20-cv-137-JST
PLAINTIFFS' MOTION *IN LIMINE* RE PLAINTIFFS' COUNSEL'S LITIGATION HISTORY IN OTHER ACTIONS

However, "[u]nder Federal Rule of Evidence 408, statements made during settlement negotiations generally cannot be used as evidence to either prove or disprove the validity or amount of a disputed claim or to impeach a statement made during such negotiations." *Roost Project v. Andersen Constr. Co.*, 2020 U.S. Dist. LEXIS 262367, at *13 (D. Idaho Oct. 24, 2020). Thus, all such evidence should be excluded at trial.

Further, to the extent that Defendants contend that "Rule 408 only precludes evidence of settlements in this case, not evidence of settlements in other actions," this "proposition is against the great weight of authority, and has been rejected by the Ninth Circuit." *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005) (citing *Hudspeth v. Commissioner*, 914 F.2d 1207, 1213 (9th Cir. 1990) and *United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (excluding evidence of plaintiff's settlement with a third party because of the public policy favoring compromise). See also *Playboy Enters. v. Chuckleberry Publ'g, Inc.*, 687 F.2d 563, 569 (2d Cir. 1982) (holding that plaintiff's settlement negotiations in a prior trademark action were not admissible as evidence in a subsequent action). "'It would be logically inconsistent to uphold the vitality of Rule 408, while at the same time holding that a settlement offer could be used against the offeror in related cases. An offer of settlement can be of no legal relevance as to the offeror's liability, irrespective of whether the offer was made in the instant case or in a related case.'" *Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005) (quoting *Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980)).

### IV.   Conclusion

The Court should, respectfully, grant Plaintiffs' motion.

DATED: August 25, 2023

Respectfully Submitted,

/s/Gregory S. Weston
Gregory S. Weston

**Counsel for Plaintiffs**

4

*Silva et al. v. B&G Foods Inc. et al.*, Case No. 4:20-cv-137-JST
Plaintiffs' Motion *in Limine* re Plaintiffs' Counsel's Litigation History in Other Actions