UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SILVA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>B&G FOODS, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-00137-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE RE: PREJUDGMENT INTEREST**<br><br>Re: ECF No. 163 |

At the pretrial conference held on September 22, 2023, the Court took under submission Defendants' motion in limine to preclude Plaintiffs from seeking prejudgment interest. ECF No. 163. The Court now grants the motion.

The provision of California law that determines Plaintiffs' right to prejudgment interest is California Civil Code section 3287, which provides in relevant part:

> A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.

Cal. Civ. Code § 3287(a). As the Ninth Circuit has explained:

> The test for recovery under this provision is "whether [the] defendant actually knows the amount owed or from reasonably available information could the defendant have computed that amount." *Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal. App. 4th 740, 118 Cal. Rptr. 2d 629, 654 (2002). When the allocation of liability turns on factual issues, damages are uncertain; however, when the allocation turns exclusively on legal issues, damages are certain and interest is available. *State v. Cont'l Ins. Co.*, 15 Cal. App. 5th 1017, 223 Cal. Rptr. 3d 716, 735 (2017).

1  *Westport Ins. Corp. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 782 (9th Cir. 2019).  "What is critical is
2  not whether the defendant *actually* knows how much it should pay; rather, it is whether the
3  defendant *could have* calculated how much it should pay, *if* it had known how a court would
4  ultimately rule on the legal issues."  *Cont'l Ins. Co.*, 15 Cal. App. 5th at 1043 (emphasis in
5  original).  Put another way, "where the amount of damages cannot be resolved except by verdict or
6  judgment, prejudgment interest is not appropriate."  *Child.'s Hosp. & Med. Ctr.*, 97 Cal. App. 4th
7  at 774.
8  In this case, Plaintiffs' damages will need to be established by testimony at trial.  Whether jurors
9  will credit testimony that "[Plaintiff] Silva purchased 288 boxes of Ortega, paying an estimated $3
10 per purchase and . . . [Plaintiff] Schier purchased 120 boxes of Ortega, paying an estimated $3 per
11 purchase," ECF No. 163 at 7 (quotation marks and citations omitted)—if that is in fact Plaintiffs'
12 testimony—remains to be seen.  Plaintiffs are therefore not entitled to prejudgment interest under
13 Section 3287(a) because the damages here are not "certain, or capable of being made certain by
14 calculation."  Cal. Civ. Code § 3287(a); *see also Forouzan v. BMW of N. Am., LLC*, No. CV 17-
15 3875-DMG (GJSx), 2019 WL 856395, at *8–9 (C.D. Cal. Jan. 11, 2019) (finding plaintiff was not
16 entitled to prejudgment interest under Section 3287(a) in a Song-Beverly Act case involving a
17 lease because damages were uncertain).
18        For the foregoing reasons, Defendants' motion to preclude Plaintiffs from seeking
19 prejudgment interest is granted.
20        **IT IS SO ORDERED.**
21 Dated:  September 26, 2023



JON S. TIGAR
United States District Judge